IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

STANLEY NOLAN, II,

Plaintiff,

v.  Case No. C-22-17

QUENTIN CAGE and  JURY DEMANDED  DIV. I
BOASSO AMERICA CORPORATION,

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Stanley Nolan, II, by and through the undersigned counsel, and brings this Complaint against the Defendants, Quentin Cage and Boasso America Corporation, and states as follows:

### PARTIES

1. Plaintiff, Stanley Nolan, II, hereinafter ("Plaintiff") is an adult resident and citizen of Bartlett, Shelby County, Tennessee.

2. Upon information and belief, Defendant Quentin Cage is an adult resident and citizen of Baton Rouge, Louisiana, and may be served with process at 4839 Laurel Creek Ct., Baton Rouge, LA 70817.

3. Upon information and belief, at all times relevant hereto, Defendant Quentin Cage was the employee and/or independent contractor and/or otherwise acting on behalf of, and for the benefit of, Defendant Boasso America Corporation, or, in the alternative, Defendant Cage

was otherwise operating Defendant Boasso America Corporation's truck with the express permission of Defendant Boasso America Corporation.

4. Upon information and belief, Defendant Boasso America Corporation (herein "Boasso") is a Louisiana corporation with a principal address of 100 Intermodal Drive, Chalmette, LA 70043 and may be served with process via their registered agent, Corporation Service Company, at 501 Louisiana Avenue, Baton Rouge, LA 70802.

5. Upon information and belief, Defendant Boasso is a registered motor carrier with the United States Department of Transportation, operating under US DOT Number 311230 and/or US DOT Number 706987.

6. Plaintiff's cause of action arises in tort, as a result of injuries sustained as a result of a motor vehicle collision which occurred in Madison County, Tennessee on February 6, 2021, involving the Plaintiff and Defendant Quentin Cage, who, upon information and belief, was operating a vehicle owned by Defendant Boasso and/or was operating said vehicle as part of his employment, and/or for the commercial benefit of, Defendant Boasso.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

8. All events which form the basis of this Complaint occurred in Madison County, Tennessee.

9. Venue is properly situated in Madison County, Tennessee.

10. This Court has jurisdiction over the subject matter of this litigation.

## FACTS

11. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

12. On or about February 6, 2021, at approximately 3:16 P.M., the Plaintiff was the driver of a 2017 Ford F15, traveling westbound in the right-hand lane on I-40 in Madison County, Tennessee, near mile marker 86.

13. Upon information and belief, at said date, time and place, Defendant Quentin Cage was operating a 2003 Freightliner Truck-Tractor Cab, bearing VIN # 1FUJBBCK93LX63235 and Louisiana License Plate # P237283, and was also traveling westbound in the left-hand lane on I-40, directly beside the Plaintiff's vehicle.

14. Upon information and belief, the 2003 Freightliner vehicle described above is owned by Defendant Boasso, and/or is used for the commercial purpose and benefit of Defendant Boasso.

15. Upon information and belief, at all times relevant to the subject collision described herein, Defendant Cage was operating the 2003 Freightliner truck as part of his employment with, and/or commercial duties on behalf of, Defendant Boasso.

16. At all times relevant hereto, Plaintiff was operating his vehicle in a safe and cautious manner.

17. As the Plaintiff and Defendant Cage proceeded westbound on I-40, they began to travel through a construction zone, just before the off-ramp at Exit 85.

18. Suddenly, and without warning, Defendant Cage began to merge his vehicle into the right lane of traffic, causing his truck to collide into the driver's side of the Plaintiff's vehicle.

19. The impact of the collision was significant enough such that the Plaintiff's vehicle was pushed into the construction barrier, ultimately coming to rest on the shoulder of the Exit 85 off-ramp.

20. The subject collision was a direct and proximate result of Defendant Cage's failure to ensure a clear path prior to merging into the right lane, which was occupied by the Plaintiff's vehicle.

21. As a direct and proximate result of Defendant Quentin Cage's careless and dangerous actions and/or inactions, the Plaintiff suffered physical injuries and other damages.

22. At all times pertinent to this Complaint, Defendant Quentin Cage was acting as the employee, agent, and/or independent contractor, and/or on behalf of and for the benefit of, Defendant Boasso America Corporation.

23. Plaintiff relies upon Tenn. Code Ann. § 55-10-311 and § 55-10-312, as well as the general and the doctrines and principles of *respondeat superior* and/or agency, in support of the allegation that any negligent actions and/or inactions on the part of Defendant Quentin Cage should be imputed on Defendant Boasso America Corporation.

24. Additionally, upon information and belief, Plaintiff alleges that Defendant Boasso had a duty to ensure that their employees/agents/contractors, or anyone else acting on their behalf, was properly screened, trained, and supervised to ensure that they were qualified and capable of safely operating a motor vehicle such as the one operated by Defendant Cage at the time of the subject collision.

25. Upon information and belief, Plaintiff alleges that Defendant Boasso did not properly or and/or sufficiently, screen, train, and/or supervise Defendant Cage such to ensure that he was fully qualified and capable of safely operating the motor vehicle in which he was driving at the time of the subject collision.

26. Upon information and belief, Plaintiff alleges that Defendant Boasso's independent actions and/or inactions regarding the hiring, supervision, and training of Parish Rubin also

constituted negligence, and that this negligence was an additional direct and proximate cause of the subject collision and the Plaintiff' ensuing injuries.

## CAUSE OF ACTION
## NEGLIGENCE

27. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

28. Defendant Quentin Cage had a duty to operate his commercial vehicle in a safe and prudent manner, in accordance with his training as a professional commercial motor vehicle driver, such that he would not endanger the life and welfare of others, including the Plaintiff.

29. This duty required, among other things, that Cage keep a proper lookout, that he pay sufficient attention to his surroundings, that he ensure a clear path prior to merging his vehicle into another lane, and that he otherwise operate his vehicle at a reasonable and prudent speed and generally in accordance with the conditions of the roadway with all applicable traffic laws and regulations.

30. Additionally, Defendant Cage had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law. These include, but are not limited to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

31. Plaintiff alleges that Defendant Cage's actions and/or inactions leading up to the subject collision, including, but not limited to, his failure to ensure a clear path prior to merging into another lane of traffic, and his failure to generally act with ordinary and reasonable care in the operation of a commercial truck, were a breach of the aforementioned duties, constituting negligence.

32. Defendant Cage, was, at all times relevant to the events described in this Complaint, the employee, agent, and/or independent contractor, and or otherwise acting on behalf of and/or for the benefit of, of Defendant Boasso.

33. Pursuant to Tenn. Code Ann. § 55-10-311 and § 55-10-312, as well as the general and the doctrines and principles of *respondeat superior* and/or agency, the negligent actions and/or inactions of Defendant Quentin Cage are imputed upon Defendant Boasso America Corporation.

34. Defendant Cage, as well as Defendant Boasso, by imputation, are guilty of the following acts of common law negligence, which were the direct and proximate cause of the Plaintiff's injuries, to be described herein:

> i. Failure to use the degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;
> ii. Failure to ensure a clear path prior to changing lanes;
> iii. Failure to maintain a proper lookout;
> iv. Failure to devote his full time and attention to the operation of his vehicle;
> v. Failing to maintain control over his vehicle, especially when he was aware, or should have been aware, that a collision was imminent;
> vi. Causing his vehicle to strike the Plaintiff's vehicle;

35. As a direct and proximate result of the aforementioned negligent actions and/or inactions, Plaintiff sustained injuries and other damages.

## CAUSE OF ACTION
## NEGLIGENCE PER SE

36. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

37. Plaintiff charges and alleges that Defendant Cage, as well as Defendant Boasso, by imputation, are guilty of violating one or more of the following statutes of the State of Tennessee, each of which were full force and effect at the time and place of the collision

complained of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiffs' injuries and damages, to-wit:

<u>Tenn. Code Ann.</u> § 55-8-136: Drivers to exercise due care;

<u>Tenn. Code Ann.</u> § 55-8-103: Required obedience to traffic laws;

<u>Tenn. Code Ann.</u> § 55-8-123; Driving on roadways laned for traffic;
**(1)** A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

38. As a direct and proximate result of the aforementioned acts constituting negligence *per se*, Plaintiff suffered injuries and sustained damages, to be described herein.

## CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

39. Plaintiff reincorporates the preceding paragraphs as if fully stated herein.

40. Upon information and belief, in addition to the negligent actions and/or inactions described above, which are imputed upon Defendant Boasso, Defendant Boasso's actions and/or inactions, in the hours, days months, and/or years leading up to the subject collision, constituted negligence <u>independent</u> of any imputed negligence as a result of Defendant Cage's actions as described above, based on the following breaches of duty:

   i. Hiring and/or contracting with Defendant Cage and/or otherwise entrusting him with the use of their commercial vehicle, which ultimately struck the Plaintiff's vehicle;
   ii. Failure to properly train Defendant Cage in the operation of said vehicle;
   iii. Failure to properly and thoroughly conduct background checks, including criminal history checks, of Defendant Cage;
   iv. Failure to actively monitor and supervise the driving record and activity of Defendant Cage;
   v. Failure to ensure that Cage limited his driving hours to the maximum allowable time, pursuant to applicable laws, rules and regulations;

vi. Failure to regularly ensure that their drivers, including Defendant Cage, did not fail drug or alcohol tests;
vii. Failure to maintain, implement, and/or enforce policies and procedures related to driver safety;
viii. General failure to hire, train, and supervise their drivers in a manner consistent with those undertaken by reasonably prudent companies under similar circumstances.

41. The actions and/or inactions of Defendant Boasso, including but not limited to those described above, were a direct and proximate cause of Plaintiff's injuries which he sustained in the subject collision.

## DAMAGES

42. Plaintiff reincorporates the preceding paragraphs as if stated herein.

43. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence, imputed negligence, and/or violations of the statues of the State of Tennessee on the part of the Defendants, Plaintiff has suffered damages, including but not limited to:

   (a) Serious and severe personal injuries and damages;
   (b) Physical pain, mental suffering and anguish, both past and future;
   (c) Loss of ability to enjoy the normal pleasures of life, both past and future;
   (d) Lost wages, both past and future;
   (e) Other non-pecuniary losses; and
   (f) Medical expenses, both past and future;
   (g) Permanent physical impairment.

44. As a direct and proximate result of the negligence, and acts or omissions of the Defendants, as described above, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;
2. That Plaintiff be awarded the present cash value of any medical care and treatment which will be necessary in the future;
3. That the Plaintiff be awarded compensatory damages in an amount of no less than One Million and Five-Hundred Dollars ($1,500,000.00);
4. That Plaintiff be awarded post-judgement interest as allowed by law;
5. That a jury be empaneled to try the issues which are joined; and
6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

Steven Marshall (#36113)
Attorney for the Plaintiff
80 Monroe Avenue, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1848
Fax:    (901) 524-1782
smarshall@forthepeople.com

9

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

**FILED** JAN 24 2022
KATHY BLOUNT, CIRCUIT COURT CLERK
9:08 DEPUTY CLERK A.M.

STANLEY NOLAN, II,

Plaintiff,

v.                                          Case No. C-22-17

QUENTIN CAGE and                            JURY DEMANDED
BOASSO AMERICA CORPORATION,

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Stanley Nolan, II, by and through the undersigned counsel, and brings this Complaint against the Defendants, Quentin Cage and Boasso America Corporation, and states as follows:

### PARTIES

1. Plaintiff, Stanley Nolan, II, hereinafter ("Plaintiff") is an adult resident and citizen of Bartlett, Shelby County, Tennessee.

2. Upon information and belief, Defendant Quentin Cage is an adult resident and citizen of Baton Rouge, Louisiana, and may be served with process at 4839 Laurel Creek Ct., Baton Rouge, LA 70817.

3. Upon information and belief, at all times relevant hereto, Defendant Quentin Cage was the employee and/or independent contractor and/or otherwise acting on behalf of, and for the benefit of, Defendant Boasso America Corporation, or, in the alternative, Defendant Cage

was otherwise operating Defendant Boasso America Corporation's truck with the express permission of Defendant Boasso America Corporation.

4. Upon information and belief, Defendant Boasso America Corporation (herein "Boasso") is a Louisiana corporation with a principal address of 100 Intermodal Drive, Chalmette, LA 70043 and may be served with process via their registered agent, Corporation Service Company, at 501 Louisiana Avenue, Baton Rouge, LA 70802.

5. Upon information and belief, Defendant Boasso is a registered motor carrier with the United States Department of Transportation, operating under US DOT Number 311230 and/or US DOT Number 706987.

6. Plaintiff's cause of action arises in tort, as a result of injuries sustained as a result of a motor vehicle collision which occurred in Madison County, Tennessee on February 6, 2021, involving the Plaintiff and Defendant Quentin Cage, who, upon information and belief, was operating a vehicle owned by Defendant Boasso and/or was operating said vehicle as part of his employment, and/or for the commercial benefit of, Defendant Boasso.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

8. All events which form the basis of this Complaint occurred in Madison County, Tennessee.

9. Venue is properly situated in Madison County, Tennessee.

10. This Court has jurisdiction over the subject matter of this litigation.

## FACTS

11. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

12. On or about February 6, 2021, at approximately 3:16 P.M., the Plaintiff was the driver of a 2017 Ford F15, traveling westbound in the right-hand lane on I-40 in Madison County, Tennessee, near mile marker 86.

13. Upon information and belief, at said date, time and place, Defendant Quentin Cage was operating a 2003 Freightliner Truck-Tractor Cab, bearing VIN # 1FUJBBCK93LX63235 and Louisiana License Plate # P237283, and was also traveling westbound in the left-hand lane on I-40, directly beside the Plaintiff's vehicle.

14. Upon information and belief, the 2003 Freightliner vehicle described above is owned by Defendant Boasso, and/or is used for the commercial purpose and benefit of Defendant Boasso.

15. Upon information and belief, at all times relevant to the subject collision described herein, Defendant Cage was operating the 2003 Freightliner truck as part of his employment with, and/or commercial duties on behalf of, Defendant Boasso.

16. At all times relevant hereto, Plaintiff was operating his vehicle in a safe and cautious manner.

17. As the Plaintiff and Defendant Cage proceeded westbound on I-40, they began to travel through a construction zone, just before the off-ramp at Exit 85.

18. Suddenly, and without warning, Defendant Cage began to merge his vehicle into the right lane of traffic, causing his truck to collide into the driver's side of the Plaintiff's vehicle.

19. The impact of the collision was significant enough such that the Plaintiff's vehicle was pushed into the construction barrier, ultimately coming to rest on the shoulder of the Exit 85 off-ramp.

20. The subject collision was a direct and proximate result of Defendant Cage's failure to ensure a clear path prior to merging into the right lane, which was occupied by the Plaintiff's vehicle.

21. As a direct and proximate result of Defendant Quentin Cage's careless and dangerous actions and/or inactions, the Plaintiff suffered physical injuries and other damages.

22. At all times pertinent to this Complaint, Defendant Quentin Cage was acting as the employee, agent, and/or independent contractor, and/or on behalf of and for the benefit of, Defendant Boasso America Corporation.

23. Plaintiff relies upon Tenn. Code Ann. § 55-10-311 and § 55-10-312, as well as the general and the doctrines and principles of *respondeat superior* and/or agency, in support of the allegation that any negligent actions and/or inactions on the part of Defendant Quentin Cage should be imputed on Defendant Boasso America Corporation.

24. Additionally, upon information and belief, Plaintiff alleges that Defendant Boasso had a duty to ensure that their employees/agents/contractors, or anyone else acting on their behalf, was properly screened, trained, and supervised to ensure that they were qualified and capable of safely operating a motor vehicle such as the one operated by Defendant Cage at the time of the subject collision.

25. Upon information and belief, Plaintiff alleges that Defendant Boasso did not properly or and/or sufficiently, screen, train, and/or supervise Defendant Cage such to ensure that he was fully qualified and capable of safely operating the motor vehicle in which he was driving at the time of the subject collision.

26. Upon information and belief, Plaintiff alleges that Defendant Boasso's independent actions and/or inactions regarding the hiring, supervision, and training of Parish Rubin also

Batch #S2011S1S1 Seq #13 Tracking #

constituted negligence, and that this negligence was an additional direct and proximate cause of the subject collision and the Plaintiff' ensuing injuries.

## CAUSE OF ACTION
## NEGLIGENCE

27. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

28. Defendant Quentin Cage had a duty to operate his commercial vehicle in a safe and prudent manner, in accordance with his training as a professional commercial motor vehicle driver, such that he would not endanger the life and welfare of others, including the Plaintiff.

29. This duty required, among other things, that Cage keep a proper lookout, that he pay sufficient attention to his surroundings, that he ensure a clear path prior to merging his vehicle into another lane, and that he otherwise operate his vehicle at a reasonable and prudent speed and generally in accordance with the conditions of the roadway with all applicable traffic laws and regulations.

30. Additionally, Defendant Cage had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law. These include, but are not limited to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

31. Plaintiff alleges that Defendant Cage's actions and/or inactions leading up to the subject collision, including, but not limited to, his failure to ensure a clear path prior to merging into another lane of traffic, and his failure to generally act with ordinary and reasonable care in the operation of a commercial truck, were a breach of the aforementioned duties, constituting negligence.

32. Defendant Cage, was, at all times relevant to the events described in this Complaint, the employee, agent, and/or independent contractor, and or otherwise acting on behalf of and/or for the benefit of, of Defendant Boasso.

33. Pursuant to Tenn. Code Ann. § 55-10-311 and § 55-10-312, as well as the general and the doctrines and principles of *respondeat superior* and/or agency, the negligent actions and/or inactions of Defendant Quentin Cage are imputed upon Defendant Boasso America Corporation.

34. Defendant Cage, as well as Defendant Boasso, by imputation, are guilty of the following acts of common law negligence, which were the direct and proximate cause of the Plaintiff's injuries, to be described herein:

> i. Failure to use the degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;
> ii. Failure to ensure a clear path prior to changing lanes;
> iii. Failure to maintain a proper lookout;
> iv. Failure to devote his full time and attention to the operation of his vehicle;
> v. Failing to maintain control over his vehicle, especially when he was aware, or should have been aware, that a collision was imminent;
> vi. Causing his vehicle to strike the Plaintiff's vehicle;

35. As a direct and proximate result of the aforementioned negligent actions and/or inactions, Plaintiff sustained injuries and other damages.

## CAUSE OF ACTION
## NEGLIGENCE PER SE

36. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

37. Plaintiff charges and alleges that Defendant Cage, as well as Defendant Boasso, by imputation, are guilty of violating one or more of the following statutes of the State of Tennessee, each of which were full force and effect at the time and place of the collision

complained of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiffs' injuries and damages, to-wit:

Tenn. Code Ann. § 55-8-136: Drivers to exercise due care;

Tenn. Code Ann. § 55-8-103: Required obedience to traffic laws;

Tenn. Code Ann. § 55-8-123; Driving on roadways laned for traffic;
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

38. As a direct and proximate result of the aforementioned acts constituting negligence *per se*, Plaintiff suffered injuries and sustained damages, to be described herein.

## CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

39. Plaintiff reincorporates the preceding paragraphs as if fully stated herein.

40. Upon information and belief, in addition to the negligent actions and/or inactions described above, which are imputed upon Defendant Boasso, Defendant Boasso's actions and/or inactions, in the hours, days months, and/or years leading up to the subject collision, constituted negligence independent of any imputed negligence as a result of Defendant Cage's actions as described above, based on the following breaches of duty:

   i. Hiring and/or contracting with Defendant Cage and/or otherwise entrusting him with the use of their commercial vehicle, which ultimately struck the Plaintiff's vehicle;
   ii. Failure to properly train Defendant Cage in the operation of said vehicle;
   iii. Failure to properly and thoroughly conduct background checks, including criminal history checks, of Defendant Cage;
   iv. Failure to actively monitor and supervise the driving record and activity of Defendant Cage;
   v. Failure to ensure that Cage limited his driving hours to the maximum allowable time, pursuant to applicable laws, rules and regulations;

      vi. Failure to regularly ensure that their drivers, including Defendant Cage, did not fail drug or alcohol tests;
     vii. Failure to maintain, implement, and/or enforce policies and procedures related to driver safety;
   viii. General failure to hire, train, and supervise their drivers in a manner consistent with those undertaken by reasonably prudent companies under similar circumstances.

41. The actions and/or inactions of Defendant Boasso, including but not limited to those described above, were a direct and proximate cause of Plaintiff's injuries which he sustained in the subject collision.

## DAMAGES

42. Plaintiff reincorporates the preceding paragraphs as if stated herein.

43. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence, imputed negligence, and/or violations of the statues of the State of Tennessee on the part of the Defendants, Plaintiff has suffered damages, including but not limited to:

   (a) Serious and severe personal injuries and damages;
   (b) Physical pain, mental suffering and anguish, both past and future;
   (c) Loss of ability to enjoy the normal pleasures of life, both past and future;
   (d) Lost wages, both past and future;
   (e) Other non-pecuniary losses; and
   (f) Medical expenses, both past and future;
   (g) Permanent physical impairment.

44. As a direct and proximate result of the negligence, and acts or omissions of the Defendants, as described above, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

Batch #5201151 Seq #13 Tracking #

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;
2. That Plaintiff be awarded the present cash value of any medical care and treatment which will be necessary in the future;
3. That the Plaintiff be awarded compensatory damages in an amount of no less than One Million and Five-Hundred Dollars ($1,500,000.00);
4. That Plaintiff be awarded post-judgement interest as allowed by law;
5. That a jury be empaneled to try the issues which are joined; and
6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

_____
Steven Marshall (#36113)
Attorney for the Plaintiff
80 Monroe Avenue, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1848
Fax:    (901) 524-1782
smarshall@forthepeople.com

9